**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| STEPHEN J. SPARKS, ADAM PITTMAN, SHERYL APPLEBY, and ANDREW TRITICO, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE CITY OF KANSAS CITY, MISSOURI,<br><br>Defendant. | Case No.<br><br>Div.<br><br>Jury Trial Demanded |

## COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs, Stephen J. Sparks, Adam Pittman, Sheryl Appleby, and Andrew Tritico, by and through their attorneys undersigned, and on behalf of themselves and others similarly situated as set forth herein, bring the following Collective Action Complaint against Defendant, the City of Kansas City, Missouri (hereinafter the "City"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.

## NATURE OF THE CASE

1. Defendant City of Kansas City, Missouri employs both firefighters and other hourly, non-exempt employees to provide essential public safety services, including fire suppression, rescue, emergency medical care, training, and support operations. At all relevant times, these employees were subject to either a 14-day work schedule governed by the FLSA's partial exemption for fire protection personnel, or a standard 40-hour workweek applicable to non-exempt employees. Pursuant to Collective Bargaining Agreements between the City of Kansas City, Missouri and International Association of Fire Fighters, Local 42 (hereinafter "CBA"), and other governing wage policies, employees who perform work on holidays, during mandatory

overtime shifts, when held over beyond their scheduled shifts, or when called back to duty outside their regular schedule, are entitled to compensation for those hours worked.

2. Despite these obligations, the City systematically failed to count such time toward the statutory threshold for determining overtime eligibility. In particular, the City excluded hours actually worked on holidays, during hold-over assignments, and while performing mandatory overtime or call-back duties, resulting in the misclassification and underpayment of overtime-eligible hours as regular time and the underpayment of overtime wages. These unlawful practices affected both firefighters and other hourly employees across multiple divisions within the Fire Department. Plaintiffs bring this action on behalf of themselves and all similarly situated individuals to recover unpaid overtime wages, overtime premiums, and associated penalties resulting from the City's uniform failure to comply with the FLSA's requirements.

## JURISDICTION AND VENUE

3. The FLSA authorizes court actions by employees to recover damages for violations of the FLSA wage and hour provisions. This Court has jurisdiction over the FLSA unpaid overtime compensation claims brought by the Plaintiffs and those similarly situated, as expressly provided under 29 U.S.C. § 216(b).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the United States District Court for the Western District of Missouri, because the acts and omissions giving rise to the claims at bar occurred within Kansas City, Missouri and the Defendant is a municipal entity within the District.

## PARTIES

5. Plaintiffs Stephen Sparks, Adam Pittman, and Andrew Tritico work as 207(k) firefighters for the City. The terms and conditions of their employment, including compensation,

are determined by the CBAs.

6. Plaintiff Sheryl Appleby works as a non-exempt 40-hour paramedic for the City. The terms and conditions of her employment, including compensation, are determined by the CBAs.

7. The Plaintiffs bring Count I of this lawsuit as a collective action under the FLSA on behalf of themselves and all other similarly situated firefighters employed by the City within the last three years to redress the City's willful failure and refusal to pay overtime wages to which the Plaintiffs and others similarly situated are entitled.

8. The individual named plaintiffs herein and others similarly situated (collectively "Plaintiffs") consent to become plaintiffs in this action pursuant to 29 U.S.C. § 216(b), as evidenced by the "Consent to Sue" documents attached to this Collective Action Complaint as Exhibit A.

9. Plaintiffs are "employees" as defined by 29 U.S.C. § 203(e)(1).

10. The City is a municipal corporation organized under the laws of the State of Missouri with its principal office located at 414 East 12th Street, Kansas City, Missouri 64106 and it can be served with process through its Mayor.

11. The City is an "employer" as defined by 29 U.S.C. § 203(d).

**CLASS DEFINITION**

12. Plaintiffs bring this action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated individuals who are or were employed by the City of Kansas City, Missouri, in a non-exempt capacity, including but not limited to firefighters and 40-hour employees, at any time within the three years preceding the filing of this Complaint through the final disposition of this matter, and who

performed compensable work on holidays, during mandatory overtime shifts, while held over beyond their scheduled shifts, or during call-back assignments; and were not compensated at one and one-half times their regular rate of pay for hours worked in excess of the applicable FLSA overtime threshold; and were subject to the City's uniform pay policies and practices that failed to count all hours actually worked when determining eligibility for overtime compensation under the FLSA.

## GENERAL ALLEGATIONS

13. At all times relevant to this action, the terms and conditions of Plaintiffs' employment were governed by successive collective bargaining agreements between Defendant City of Kansas City, Missouri and the International Association of Fire Fighters, Local 42 ("Local 42").

14. The first collective bargaining agreement governing the relevant time period was effective from April 2021 through April 2024. The second collective bargaining agreement, which succeeded the first without a lapse in coverage, became effective on or about August 13, 2024, and remains in effect as of the date of the filing of this action.

15. The second CBA addressed FLSA wage violations related to misclassification of overtime hours as regular time. For instance, Article 6, Section 1 states, "Fire Guard, EMS standby, holdover, call back and mandatory overtime shall be counted as hours worked for the purposes of calculating overtime."

16. The wage and hour violations described herein occurred continuously during the effective periods of both agreements. The City's unlawful compensation practices, specifically, its failure to credit all hours actually worked for purposes of calculating overtime under the FLSA, remained materially unchanged across both agreements until late May 2024.

17. Recently, the City issued retroactive paychecks to affected fire personnel. These paychecks included back pay to account for wage increases accrued as of the effective date of the new CBA, and in certain instances, adjustments that accounted for previously excluded hours worked (such as hours worked on holidays, during mandatory overtime, while held over, or on call-back duty) toward the applicable FLSA overtime thresholds.

18. The City employs both firefighters working extended shift schedules under the FLSA's partial exemption for public safety employees, and non-exempt personnel who work standard 40-hour workweeks.

19. The City has adopted pay practices that, across both employee groups, systematically exclude certain categories of compensable time from its overtime calculations. These include time worked on holidays, mandatory overtime, hold-over periods, and call-backs to duty.

20. Under the collective bargaining agreement effective from April 2021 through April 2024, holiday compensation for bargaining unit employees varied depending on whether the employee was scheduled to work. Firefighters who were scheduled to work on a holiday were to receive their regular straight-time pay for the hours worked, plus a separate 10-hour holiday bonus at the base hourly rate. Firefighters who were not scheduled to work but were required to do so were to receive double time for the first ten (10) hours worked, straight time for any additional hours worked on that shift, and a separate 10-hour holiday bonus at the base hourly rate. Firefighters who did not work on the holiday were to receive only the 10-hour holiday bonus. Similar holiday compensation provisions applied to certain non-fire personnel classified as non-exempt employees under the FLSA.

21. Upon its effective date, the successor collective bargaining agreement modified the structure of holiday compensation. The revised agreement specifies that any bargaining unit member working on a holiday shall receive (a) time and one-half of the employee's "Incentive Rate" for all hours worked during a regular shift, and (b) double time based on the Incentive Rate for all hours worked outside the regular shift. The 10-hour holiday bonus for employees not scheduled to work the holiday remained in effect.

22. Under the prior CBA, the City did not count all hours actually worked on holidays toward the FLSA overtime threshold, whether for the 106-hour threshold for firefighters on a 14-day cycle or the 40-hour threshold for non-exempt employees on a weekly schedule.

23. This unlawful exclusion of holiday work hours caused employees to be denied overtime pay to which they are entitled. Employees who exceeded the applicable statutory overtime thresholds were paid at their regular or contractual rates for hours that should have been compensated at time and one-half under the FLSA.

24. The City treated hours worked on holidays as wholly separate premium events, rather than as hours worked for purposes of computing whether overtime pay has been triggered.

25. The misclassification and improper exclusion of holiday hours has the effect of suppressing earned overtime wages and violates the FLSA's requirement that all hours actually worked be counted toward the overtime threshold.

26. These violations were not limited to one department or employee classification, but were part of a citywide policy and practice that affected both fire suppression employees and non-exempt employees in other Fire Department divisions.

27. In addition to holiday work, the City failed to count hours worked beyond the scheduled shift due to mandatory overtime, late relief (hold-over), or emergency staffing needs.

This resulted in hours being worked, but not credited, for purposes of overtime calculation under the FLSA.

28. The same exclusionary practice applied to call-back assignments, where employees were recalled to duty during off-hours. Although the City compensated call-back work under the CBA or other policy with premium or special rates, it failed to count the actual hours worked toward the statutory overtime thresholds.

29. These failures affected both firefighters and 40-hour employees. For firefighters, it meant that shifts worked beyond the standard schedule were not credited toward the 106-hour FLSA threshold. For non-exempt employees, it resulted in time worked beyond 40 hours in a workweek being improperly excluded, reducing or eliminating overtime pay.

30. The City's compensation model isolated hours worked under special duty or premium circumstances and excluded them from the general "hours worked" total used for overtime eligibility, contrary to the FLSA's plain requirements.

31. By failing to count mandatory overtime, hold-over time, and call-back time as hours worked under the FLSA, the City unlawfully reduced its overtime pay obligations and deprived employees of wages they had earned.

32. The City's pay methods reflected a uniform practice that improperly separated the manner of compensation (e.g., premium pay) from the underlying duty status of the employee. In doing so, the City treated lawful overtime hours as if they did not exist for FLSA purposes.

33. These violations extended beyond public safety employees and impact administrative, technical, and operations staff subject to the 40-hour workweek standard under the FLSA.

34. The result of the City's pay scheme is that both firefighter and non-firefighter employees routinely worked more than the applicable statutory maximum for their classification without receiving the required overtime premium.

35. These practices were not the product of good-faith misunderstandings of the law, but were part of a longstanding policy and pattern designed to minimize labor costs, even at the expense of employee wages required by federal law.

36. The City's uniform failure to credit all hours actually worked toward the applicable overtime threshold constitutes a willful and continuing violation of the FLSA. Plaintiffs and similarly situated employees have been harmed as a result of this policy and are entitled to all unpaid wages, liquidated damages, and attorneys' fees.

## <u>COUNT I</u>

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (Collective Action under 29 U.S.C. § 216(b))

37. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

38. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees engage in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce pursuant to 29 U.S.C. § 206(a) and 29 U.S.C. § 207(a)(1).

39. At all relevant times, Defendant City employed Plaintiffs and other similarly situated individuals within the meaning of the FLSA.

40. Defendant has failed and continues to fail to pay Plaintiffs and the similarly situated collective members all overtime compensation due under the FLSA.

41. Specifically, Defendant maintains and enforces compensation practices under which it excludes from the FLSA overtime calculation hours actually worked by employees during holidays, mandatory overtime shifts, hold-over periods beyond scheduled shift end times, and call-back assignments requiring employees to return to duty.

42. By failing to count such time toward the applicable FLSA overtime thresholds – i.e., 106 hours in a 14-day period for firefighters, and 40 hours in a 7-day workweek for other non-exempt personnel, Defendant has deprived Plaintiffs and the collective class of legally required overtime wages.

43. Defendant also failed to compensate such overtime hours at one and one-half times each employee's regular rate of pay, as required by the FLSA, and instead paid straight time or mischaracterized hours as contractual "premium pay" without including them in the threshold calculation.

44. Defendant knew or showed reckless disregard for the fact that its pay policies and practices violated the FLSA. These violations were willful and occurred pursuant to a centralized, uniform policy affecting numerous current and former employees.

45. As a result of these unlawful practices, Plaintiffs and the collective members have suffered economic harm and are entitled to recover unpaid overtime wages, an equal amount in liquidated damages, attorneys' fees, and costs under 29 U.S.C. § 216(b).

46. Plaintiff demand a trial by jury.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that this Court enter judgment in their favor and against Defendant City of Kansas City, Missouri, and grant the following relief:

a) Designate this action as a collective action under 29 U.S.C. § 216(b) and authorize prompt notice to all eligible members of the proposed FLSA Collective Class;

b) Enter judgment that Defendant violated the FLSA by failing to pay Plaintiffs and similarly situated employees overtime compensation for all hours worked in excess of the applicable statutory thresholds;

c) Award Plaintiffs and the FLSA Collective Class all unpaid overtime wages due under the FLSA;

d) Award Plaintiffs and the FLSA Collective Class an additional and equal amount of liquidated damages as provided by the FLSA;

e) Award reasonable attorneys' fees, litigation expenses, and costs of suit as provided by 29 U.S.C. § 216(b);

f) Enjoin Defendant from continuing to violate the FLSA with respect to Plaintiffs and the FLSA Collective Class; and

g) Award such further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

Raymond E. Salva, Jr. Mo. Bar No. 66191
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile: (816) 471-8450
E-mail: rsalva@bktplaw.com

ATTORNEYS FOR PLAINTIFFS